1   Barbara A. Blackburn, Bar No. 253731
    bblackburn@littler.com
2   Victoria Kovanis, Bar No. 2892745
    vkovanis@littler.com
3   LITTLER MENDELSON, P.C.
    500 Capitol Mall
4   Suite 2000
    Sacramento, California  95814
5   Telephone:    916.830.7200
    Fax No.:       916.561.0828
6
    Attorneys for Defendant
7   CENTENE MANAGEMENT COMPANY, LLC
    (erroneously named as Centene Corporation)
8

9                UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA

11                    FRESNO DIVISION

12

13  TYLA RAY,                           | Case No.

14              Plaintiff,              | [Fresno County Superior Court Case No.
                                        | 21CECG02472]
15       v.
                                        | **NOTICE OF REMOVAL OF CIVIL
16  CENTENE CORPORATION, and DOES       | ACTION TO FEDERAL COURT UNDER
    1-20, inclusive,                    | 28 U.S.C. SECTIONS 1332, 1441, AND
17                                      | 1446**
            Defendant.
18                                      | Trial Date:  None Set
                                        | Complaint Filed:  August 23, 2021
19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF TYLA RAY AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant CENTENE CORPORATION[1] ("Defendant"), a Delaware corporation, removes to this Court the state court action described herein. Defendant removes the captioned action from the Superior Court of the State of California for the County of Fresno.  Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

**I.     STATEMENT OF JURISDICTION**

This Court has original jurisdiction over this action under the diversity of citizenship statute.  28 U.S.C. § 1332(a).  In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.    PROCESS, PLEADINGS, AND ORDERS**

1.     This lawsuit arises out of Plaintiff Tyla Ray's (referred to hereinafter as "Plaintiff") employment with Defendant.

2.     On August 23, 2021, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Fresno, entitled *Tyla Ray v. Centene Corporation and DOES 1-20,* designated as Case No. 21-CECG02472 (the "Complaint").

3.     The Complaint asserts the following causes of action: (1) racial harassment in violation of the Fair Employment and Housing Act ("FEHA"); (2) racial discrimination causing constructive termination in violation of FEHA; (3) retaliation for reporting racial discrimination in violation of FEHA; (4) disability discrimination in violation of FEHA; (5) retaliation for reporting disability

---

[1] Plaintiff was actually employed by Centene Management Company, LLC a wholly owned subsidiary of Defendant Centene Corporation.  (*See* Declaration of Tricia Dinkelman in Support of Removal, ¶ 5.)

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    discrimination in violation of FEHA.

2        4.    On December 21, 2021, Defendant's registered agent was served with a Summons and

3    a copy of the Complaint.  At the same time, Defendant's registered agent was served with copies of a

4    Civil Case Cover Sheet and a Notice of Case Management Conference and Assignment of Judge for

5    All Purposes. Declaration of Victoria Kovanis ("Kovanis Decl.") ¶ 2, **Exhibit A.**  This constitutes

6    Defendant's first legal notice of the Superior Court action for purposes of removal.

7        5.    The Complaint, Summons, Civil Case Cover Sheet, and Notice of Case Management

8    Conference and Assignment of Judge for All Purposes constitute all of the pleadings and process that

9    have been served upon Defendant or by Defendant in this action to date.  No other documents have

10   been served upon Defendant.  Kovanis Decl. ¶¶ 2-3, **Exhibits A-B**.  Defendant timely filed and served

11   an answer to the Complaint in the Superior Court for the County of Fresno on January 20, 2022.

12   Kovanis Decl. ¶ 4, **Exhibit C**.

13       6.    The Complaint also names as defendants "DOES 1-20, inclusive." Defendant is

14   informed and believes, and on that basis allege, that none of the fictitiously named Defendants have

15   been served with a copy of the Summons and Complaint.  Therefore, the fictitiously named Defendants

16   are not parties to this action and need not consent to removal.  *See Fristoe v. Reynolds Metals Co.*, 615

17   F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. § 1441(a).

18   **III.    TIMELINESS OF REMOVAL**

19       7.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being

20   filed within thirty (30) days of service of the Complaint on Defendant on December 21, 2021, and

21   within one year after commencement of this action.

22   **IV.    DIVERSITY JURISDICTION**

23       8.    This action meets the requirements of 28 U.S.C. section 1332(a) and may be removed

24   to federal court pursuant to 28 U.S.C. section 1441(a) because it is a civil action:  (1) between "citizens

25   of different States"; (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of

26   interest and costs.  28 U.S.C. §§ 1332(a)(1), 1441(a).

27       **A.    There is Complete Diversity Between the Parties.**

28       9.    Plaintiff alleges in her Complaint that at all relevant times she lived and worked in the

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

3

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

1    State of California.  (Compl., ¶ 1.)  Allegations of residency in a state court complaint can create a

2    rebuttable presumption of domicile supporting diversity of citizenship.  *Lew v. Moss*, 797 F.2d 747,

3    751 (9th Cir. 1986).  Accordingly, Plaintiff is a citizen of the State of California.  *Kanter v. Warner-*

4    *Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) (a person's domicile is the place he or she resides with

5    the intention to remain).

6           10.    Defendant was, at the time the action was commenced in state court, and still is, a

7    citizen of the states of Delaware and Missouri.  (Declaration of Tricia Dinkelman ("Dinkelman Decl.")

8    ¶ 2.)  Plaintiff was employed by Centene Management Company, LLC ("Centene Management"),

9    which is organized under the laws of Wisconsin and has its principal place of business in Missouri.

10   (*Id.* at ¶ 5).

11          11.    For diversity purposes, a corporation "shall be deemed to be a citizen of every State

12   and foreign state by which it has been incorporated and of the State or foreign state where is has its

13   principal place of business." 28 U.S.C. § 1332(c)(1).  As clarified by the United States Supreme Court

14   in *Hertz Corp. v. Friend*, 559 U.S. 77, 78, (2010) "the phrase 'principal place of business' in §

15   1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate

16   the corporation's activities," *i.e.*, its "nerve center."

17          12.    Here, defendant was and continues to be a corporation established under the laws of

18   the State of Delaware, having its principal place of business in the State of Missouri.  (Dinkelman

19   Decl., ¶ 2.)  Specifically, the majority of Defendant's corporate functions, including human resources,

20   marketing, and executive management operate out of Missouri.  (Dinkelman Decl. ¶ 4.)  Further,

21   Centene Management was and continues to be organized under the laws of Wisconsin, with most of

22   its corporate functions located in the State of Missouri.  (Dinkelman Decl., ¶ 5.)  As such, Defendant's

23   and Centene Management's executive and administrative functions critical to its day-to-day operations

24   are conducted in Missouri.  Additionally, the majority of Defendant's and Centene Management's

25   senior officers and directors, who are responsible for developing strategy for its operations, work and

26   are based in Missouri.  Thus, Defendant and Centene Management are citizens of Missouri for

27   diversity purposes.

28          13.    Defendants designated as Does 1-20 are fictitious.  The Complaint does not state the

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

1   identity or status of these fictitious defendants, nor does it state any specific allegation of wrongdoing

2   against any fictitious defendants.   Pursuant to § 1441(b)(1), the citizenship of these fictitious

3   defendants cannot destroy the diversity of citizenship between the parties and should be disregarded.

4   *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).  Doe defendants need not consent

5   to this removal.

6           **B.      The Amount in Controversy Exceeds $75,000.**

7           14.     Based on the allegations in Plaintiff's Complaint, the amount in controversy is clearly

8   greater than $75,000, exclusive of interest and costs.  Although Plaintiff's Complaint is silent as to the

9   total amount of damages claimed, the failure of the Complaint to specify the total amount of damages

10  sought does not deprive this Court of jurisdiction.  Defendant need only establish by a preponderance

11  of the evidence that Plaintiff's claims exceed the jurisdictional minimum.  *Singer v. State Farm Mut.*

12  *Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398,

13  404 (9th Cir. 1996).

14          15.     The Complaint asserts the following causes of action: (1) racial harassment in violation

15  of the Fair Employment and Housing Act ("FEHA"); (2) racial discrimination causing constructive

16  termination in violation of FEHA; (3) retaliation for reporting racial discrimination in violation of

17  FEHA; (4) disability discrimination in violation of FEHA; (5) retaliation for reporting disability

18  discrimination in violation of FEHA.  *See* Complaint, pp. 1-5.

19          16.     Plaintiff seeks damages for "lost wages, benefits, salary increases and income, both

20  past and future" and damages for "fear, humiliation, emotional distress, and mental, or emotional or

21  physical pain and anguish" as well as punitive damages, attorney fees, and any other relief which the

22  Court deems proper.  *Id.*, ¶¶ 31-32 and Prayer for Relief, A-F.  Although Defendant denies it should

23  be liable for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the

24  minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail

25  on each and every one of her claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199

26  F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199,

27  1205 (E.D. Cal. 2008) (holding that the inquiry is not how much defendant will owe, but the amount

28  put in controversy by the complaint).

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

5

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

17.     The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendant will actually owe.  *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).  Economic damages, non-economic damages, general damages and attorney's fees are included in determining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorney's fees is considered when determining the amount in controversy where underlying statute provides for attorney's fees as part of potential recovery).

18.     A removing party does not need to prove actual facts but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, *2 (C.D. Cal. March 3, 2015) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)).  Moreover, Defendant need not submit evidence to support its notice of removal.  *Dart Cherokee, supra*, 574 U.S. at 89.  Defendant need only plausibly allege that the amount in controversy exceeds $75,000. *Id.* at 87. ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").

19.     **Lost Wages and Benefits.**  Plaintiff's Complaint includes five separate causes of action arising out of her employment.  She alleges that, as a result of Defendants' alleged actions, she has suffered "lost wages, benefits, salary increases and income, both past and future." Compl. ¶¶ 31 and Prayer for Relief.

20.     If Plaintiff prevails on her claims, she potentially could recover the amount she would have earned up through the date of trial, including any benefits or pay increases.  *See* Judicial Council of California, Civil Jury Instructions ("CACI") No. 2433 (2012); *Wise v. S. Pac. Co.*, 1 Cal. 3d 600, 607 (1970).

21.     Plaintiff was employed as a Lead Pharmacist Credentialing Specialist. Compl. ¶ 4.  At the time Plaintiff's employment ended on or about May 15, 2020, she had an annual salary of $53,565.17 (or approximately $1,030.10/week).  Declaration of Lynn Gross ("Gross  Decl.") ¶¶ 2-3.  Both past and future lost wages should be taken into account for purposes of evaluating the amount in controversy.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *James v. Childtime*

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

6

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

1  *Childcare, Inc.*, 2007 U.S. Dist. LEXIS 43753, at *4 n.1 (E.D. Cal. June 1, 2007) ("The court evaluates

2  the amount in controversy at the time of removal, but it may consider both past and future lost

3  wages."). There have been approximately 89 weeks from the date Plaintiff resigned (May 15, 2020),

4  until the date of this removal, which would amount to at least $ 91,678.90 in back pay. This amount

5  alone exceeds the required $75,000 amount in controversy to establish diversity jurisdiction.   That

6  amount will of course continue to accrue as this litigation continues.

7      22.    In addition. To the extent Plaintiff seeks future damages or front pay as a result of

8  Defendant's alleged wrongful conduct, such awards in California often span several years. *See Smith*

9  *v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory

10  retirement age reached); *Rabago-Alvarez v. Dart Indus.*, 55 Cal. App. 3d 91, 92 (1976) (front pay

11  award of four years): *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (front pay

12  award of ten years); *Harrod v. Bass Pro Outdoor World, LLC*, 2018 WL 705541, at *2 (C.D. Cal. Feb.

13  5, 2018) (accepting defendant's calculation of plaintiff's front pay damages for one year of wages).

14  Even conservatively estimating that Plaintiff seeks front pay damages of only one year, the amount of

15  front pay in controversy in this case is at least $53,565.17.

16      23.    **Emotional Distress Damages.**  Plaintiff's emotional distress damages are likewise

17  properly considered in determining the amount in controversy.  Plaintiff alleges that, as a result of

18  Defendants' alleged unlawful conduct, she has suffered "fear, humiliation, emotional distress, and

19  mental, or emotional or physical pain and anguish." Compl. ¶ 31. Plaintiff's potential recovery of such

20  damages further augments the foregoing amount and demonstrates that the jurisdictional prerequisite

21  for removal of this action is met.  The following cases involving disability discrimination, wrongful

22  termination, and related claims, illustrate that emotional distress damages alone may be substantial

23  and exceed the threshold amount in controversy.

24      24.    In *Ko v. Square Group, LLC*, 2014 WL 8108413 (Cal. Sup. June 16, 2014), the plaintiff,

25  who alleged she was discriminated and retaliated against for taking medical leave and wrongfully

26  terminated, was awarded $125,000 in emotional distress damages.  In *Cordero v. Catwalk to Sidewalk*

27  *Inc.*, 2019 WL 5197104 (Cal. Sup. Sept. 25, 2019), a plaintiff who had alleged causes of action for

28  disability discrimination, failure to accommodate, failure to engage in the interactive process,

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

7                                            NOTICE OF REMOVAL OF CIVIL
                                             ACTION TO FEDERAL COURT

retaliation, and a failure to prevent discrimination, all in violation of FEHA, was awarded $160,000 for emotional pain and suffering. In *Woods v. Greystar Management Services, LP*, 2019 WL 2755111 (Cal. Sup. Apr. 11, 2019), a Los Angeles jury found in favor of a plaintiff on claims of wrongful termination, disability discrimination, failure to accommodate, failure to engage in the interactive process, and failure to prevent discrimination and awarded $500,000 in emotional distress damages. Thus, the emotional distress damages sought by Plaintiff are potentially substantial and would exceed the threshold amount in controversy.

25.   **Punitive Damages.** Plaintiff also seeks an award of punitive damages. Compl. ¶ 32 and Prayer for Relief. Under California law, punitive damages may be recovered "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 2394(a).

26.   Punitive damages may be included in calculating the amount in controversy. *See Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). A single-digit ratio (i.e., no more than nine-to-one) is typically appropriate for an award of punitive damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

27.   In *Woods v. Greystar Management Services, LP*, 2019 WL 2755111 (Cal. Sup. Apr. 11, 2019), discussed above, a jury awarded $600,000 in punitive damages. In *Ko v. The Square, Grp.*, 2014 WL 8108413 (Cal. Sup. June 16, 2014), also discussed above, a jury awarded the plaintiff $500,000 in punitive damages. In *Samson v. Wells Fargo Bank, N.A.*, 2020 WL 1890594 (C.D. Cal. Mar. 13, 2020), a jury awarded $400,000 punitive damage award on a FEHA retaliation claim for taking medical leave. These cases demonstrate the potential for a large punitive damage award that exceeds the minimum threshold requirement for this Court if Plaintiff were to prevail on her claims.

28.   **Attorney's Fees.** Plaintiff's Complaint also includes a claim for attorney's fees. Compl. ¶ 32 and Prayer for Relief. Attorney's fees that are potentially recoverable by statute also are included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

29.   The bulk of Plaintiff's Complaint alleges violations of the Fair Employment and Housing Act, which authorizes an award of reasonable attorney's fees to a prevailing plaintiff. Cal.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

8

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

Gov. Code §12965.  While Plaintiff's attorney's fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award.  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

30.    Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal.  *Id.*  "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours… Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)."  *Sasso v. Noble Utah Long Beach, LLC*, Case No. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. March 3, 2015)  (citations omitted).  Thus, Plaintiff's demand for attorney's fees adds at least $30,000 to the amount in controversy.

31.    Based on Plaintiff's claims for los wages, emotional distress, punitive damages, and attorneys' fees, the threshold amount in controversy is met here.  Accordingly, on the basis of diversity jurisdiction, this Court has subject matter jurisdiction under 28 U.S.C. section 1332 and removal is authorized under 28 U.S.C. section 1441(b).

32.    The above damages, including lost wages, emotional distress damages, and attorney's fees, exclusive of interest and costs, are aggregated to ascertain whether Plaintiff's allegations satisfy the minimum amount in controversy. *Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *see also Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) ("It is well established that punitive damages are part of the amount in controversy in a civil action.") (citing *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001)); *Richmond v. All State Insurance*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (general and special damages included in the amount in controversy).  Back pay damages alone are at least $ 91,678.90, which exceeds the $75,000 amount in controversy requirement to establish diversity jurisdiction.  Additionally, when aggregating all damages (back pay, front pay, emotional distress, and attorneys' fees), the amount more than exceeds this minimum amount in controversy.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

9

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

**V.      VENUE**

33.     Venue lies in the Eastern District of California pursuant to 28 U.S.C. §§ 84(c)(1) and 1391(a).  This action was originally brought in the Superior Court of the State of California, County of Fresno.  Actions arising in Fresno County shall be commenced in the Fresno Division of the Eastern District.  Eastern District Local Rule 120(d).

**VI.     NOTICE OF REMOVAL**

34.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Fresno.

**VII.    CONCLUSION**

35.     WHEREFORE, having fulfilled all statutory requirements, Defendant removes the action now pending against it in the Fresno County Superior Court to the United States District Court for the Eastern District of California, and requests that this Court retain jurisdiction for all further proceedings.

Dated: January 20, 2022                                    LITTLER MENDELSON, P.C.


                                                           /s/ Barbara A. Blackburn
                                                           Barbara A. Blackburn
                                                           Victoria Kovanis
                                                           Attorneys for Defendant
                                                           CENTENE MANAGEMENT COMPANY, LLC

4862-1648-3080.1 / 096475-1101

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

10

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT