1    Barbara A. Blackburn, Bar No. 253731
     bblackburn@littler.com
2    Victoria Kovanis, Bar No. 289275
     vkovanis@littler.com
3    LITTLER MENDELSON, P.C.
     500 Capitol Mall
4    Suite 2000
     Sacramento, California  95814
5    Telephone:    916.830.7200
     Fax No.:      916.561.0828
6
7    Attorneys for Defendant
     CENTENE MANAGEMENT COMPANY, LLC
     (erroneously named as CENTENE CORPORATION)
8

9                 UNITED STATES DISTRICT COURT

10               EASTERN DISTRICT OF CALIFORNIA

11                      FRESNO DIVISION

12

13   TYLA RAY,                          Case No.

14              Plaintiff,              [Fresno County Superior Court Case
                                        No. 21CECG02472]
15        v.
                                        **DECLARATION OF VICTORIA**
16   CENTENE CORPORATION, and DOES      **KOVANIS IN SUPPORT OF**
     1-20, inclusive,                   **REMOVAL OF CIVIL ACTION**
17                                      **TO FEDERAL COURT UNDER 28**
                Defendant.              **U.S.C. SECTIONS 1332, 1441, AND**
18                                      **1446**

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
   500 Capitol Mall
      Suite 2000
Sacramento, CA  95814
   916.830.7200

                                        DECLARATION OF VICTORIA KOVANIS
                                        ISO REMOVAL OF CIVIL ACTION

I, VICTORIA KOVANIS, hereby declare and state:

1. I am an attorney with the law firm of Littler Mendelson, P.C., and am one of the attorneys representing Defendant CENTENE MANAGEMENT COMPANY, LLC in the above-entitled action. I am over the age of 18. As an attorney of the firm, I am familiar with the office's filing and record-keeping procedures. I have personal knowledge of the matters stated in this declaration by virtue of my representation of Defendant in this action. If asked to testify as a witness, I could and would competently testify to the following facts.

2. On December 21, 2021, Defendant's registered agent was served with a Summons and a copy of the Complaint.  At the same time, Defendant's registered agent was served with copies of a Civil Case Cover Sheet, Notice of Case Management Conference and Assignment of Judge for All Purposes.  Attached hereto as **Exhibit A** is a true and correct copy of the Proof of Service of Summons filed in this matter.

3. The Summons, Complaint, Civil Case Cover Sheet, Notice of Case Management Conference and Assignment of Judge for All Purposes constitute all of the pleadings and process that have been served upon Defendant or by Defendant in this action to date.  No other documents have been served upon Defendant.  Attached hereto collectively as **Exhibit B** is the entire Superior Court of California Record which encompasses the above-mentioned documents.

4. Defendant timely filed and served an answer in the Superior Court for the County of Fresno on January 20, 2022. A true and correct copy of the answer filed by Defendant is attached hereto as **Exhibit C**.

5. Contemporaneously with the filing of the Notice of Removal in the United States District Court for the Eastern District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record. In addition, a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Fresno.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

2

DECLARATION OF VICTORIA KOVANIS
ISO REMOVAL OF CIVIL ACTION

1         I declare under penalty of perjury under the laws of the State of California

2    and the United States of America that the foregoing is true and correct.

3         Executed on this 20th day of January 2022, in Reno, Nevada.

_____.

VICTORIA KOVANIS

4876-5499-8792.1 / 108840-1058

DECLARATION OF VICTORIA KOVANIS
ISO REMOVAL OF CIVIL ACTION

# EXHIBIT A

# CT Corporation

**Service of Process Transmittal**
12/21/2021
CT Log Number 540777320

| | |
|---|---|
| **TO:** | Kenia Arauz<br>Centene Corporation<br>7700 FORSYTH BLVD<br>SAINT LOUIS, MO 63105- |

**RE:**   **Process Served in California**

**FOR:**   Centene Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TYLA RAY // To: Centene Corporation |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21CECG02472 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/21/2021 at 01:36 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Pam Peterson  ppeterson@centene.com |
| | Email Notification,  Millie Roman  millie.roman@wellcare.com |
| | Email Notification,  Kenia Arauz  kenia.y.arauz@centene.com |
| | Email Notification,  Caryn Roja  caryn.roja@wellcare.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Dec 21, 2021

**Server Name:**             Jim Sands

| Entity Served | CENTENE CORPORATION |
|---------------|---------------------|
| Case Number   | 21CECG02472         |
| Jurisdiction  | CA                  |



# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr>
<td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CENTENE CORPORATION. and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TYLA RAY

</td>
<td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E-FILED
8/23/2021
Superior Court of California
County of Fresno
By: J. Nelson, Deputy

</td>
</tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTC: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. ¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

<table>
<tr>
<td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Superior Court Of California, County of Fresno,
1130 O Street Fresno, CA 93724-0002

</td>
<td>

CASE NUMBER: *(Número del Caso):*
**21CECG02472**

</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

FLETCHER B. BROWN (State Bar No. 276390), 2831 Telegraph Ave. Oakland, California 94609, 510-986-0441

<table>
<tr>
<td>DATE:<br>*(Fecha)*   08/23/2021</td>
<td>Clerk, by<br>*(Secretario)*   J. Nelson</td>
<td>, Deputy<br>*(Adjunto)*</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

<table>
<tr>
<td rowspan="2">[SEAL]</td>
<td colspan="2">

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CENTENE CORPORATION .

</td>
</tr>
<tr>
<td colspan="2">

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

</td>
</tr>
</table>

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.     [ Print this form ]     [ Save this form ]     [ Clear this form ]

FLETCHER B. BROWN (State Bar No. 276390)
FLETCHER B. BROWN LAW FIRM
2831 Telegraph Ave.
Oakland, California 94609
Fletcher@FletcherBrown.law
Telephone: 510-986-0441
Facsimile: 510-978-4717

Attorney for Plaintiff
TYLA RAY

E-FILED
8/23/2021 10:31 AM
Superior Court of California
County of Fresno
By: J. Nelson, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF FRESNO

## UNLIMITED JURISDICTION

| | |
|---|---|
| TYLA RAY | Case No.:  21CECG02472 |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. RACIAL HARASSMENT |
| CENTENE CORPORATION. and DOES 1-20, inclusive, | 2. RACIAL DISCRIMINATION CAUSING CONSTRUCTIVE TERMINATION |
| Defendants. | 3. RETALIATION FOR REPORTING RACIAL DISCRIMINATION CAUSING CONSTRUCTIVE TERMINATION |
| | 4. DISABILITY DISCRIMINATION CAUSING CONSTRUCTIVE TERMINATION |
| | 5. RETALIATION FOR REPORTING DISABILITY DISCRIMINATION CAUSING CONSTRUCTIVE TERMINATION |
| | [JURY TRIAL DEMANDED] |

1

Tyla Ray (hereinafter, "Plaintiff") was an employee of Centene Corporation. (Hereinafter, "Defendant") this civil action is brought to remedy Plaintiff's constructive termination because of the following: 1) Racial Harassment, 2) Racial discrimination causing constructive termination 3) Retaliation for reporting racial discrimination causing constructive termination, 4) Disability discrimination causing constructive termination, and 5) Retaliation for reporting disability discrimination causing constructive termination. Plaintiff seeks all forms of damages available at law, including but not limited to declaratory relief, compensatory damages, emotional distress, punitive damages, and attorney's fees. Plaintiff hereby demands a jury trial, complains, and alleges the following:

## PARTIES

1. Plaintiff is an adult female individual that lived and worked in California throughout the events detailed in this complaint.

2. Centene Corporation (hereinafter as "Defendant") is located at 7700 Forsyth Blvd, Saint Louis, MO 63105 dba Envolve Pharmacy Solutions located at 5 River Park Place East, Suite 210 Fresno, CA 93720. Defendant has done business in the County of Fresno at all times throughout this complaint.

3. The true names and capacities of defendants named as DOES 1 through 20 are unknown and are therefore sued by fictitious names. Plaintiff will amend this complaint to show the true names and capacities when they are ascertained.

## GENERAL FACTS

4. On February 19th, 2019, Plaintiff was hired by Defendant as a Lead Pharmacist Credentialing Specialist.

5. At all times during her employment, Plaintiff's performance was satisfactory.

6. Plaintiff supervisors during her employment were Didra Hallett (hereinafter as "Ms. Hallett) and Director of Pharmacy Networks Kymberly McFarland (hereinafter as "Ms. McFarland").

7. During her employment, Plaintiff had to participate in several meetings with Ms. Hallett and the other coworkers in her department, these meetings were always hostiles and uncomfortable for Plaintiff because of the discriminatory nature and comments.

8. For example, Ms. Hallet told the group in a meeting that braids were unprofessional.

9. For example, when Colin Kaepernick (the Black Quarterback Social Media Activist) came up, "him being African American does not give him the right to not stand during the National Anthem", "he made a stupid decision", and "he will never get another job in the NFL".

10. For example, she called an African American employee (who was not present) stupid for purchasing a certain type of home.

11. For example, Ms. Hallett made Plaintiff feel uncomfortable for asking for time off because Plaintiff was African American.

12. On June 17th, 2019, Plaintiff had an incident where Ms. Hallett hit her chair because Plaintiff looked at her phone during a meeting, when Plaintiff replied that it was her daughter who texted her, Ms. Hallett immediately changed the topic and ignored Plaintiff's comments. This incident of violence was done because of Plaintiff's race.

13. On June 23, 2019, Plaintiff made complaints about the racial discrimination and harassment to Defendant.

14. After the complaints, Defendant's behavior towards Plaintiff changed. For example, Plaintiff stopped receiving certain work assignments, would receive the cold shoulder at work and superiors stopped communicating.

15. Plaintiff referred herself to a medical provider because of the stress. She became disabled within the definition of the California Fair Employment and Housing.

16. Plaintiff informed Defendant about her disability and work restrictions.

17. By October 2019, Plaintiff filed another complaint with Defendant.

18. Plaintiff continued to face retribution - including but not limited to a Performance Improvement Plan.

19. Plaintiffs medical condition worsened to the extent, that her doctor took her off work.

20. Plaintiff informed Defendant of her intent to resign - because of the racial harassment, discrimination (both racial and disability) and retaliation for making complaints about racial discrimination and harassment.

21. Plaintiff received a right to sue letter from the Department of Fair Employment and Housing on October 30, 2020.

## CAUSE OF ACTION

**CONSTRUCTIVE TERMINATION BECAUSE OF THE FOLLOWING: 1) RACIAL HARASSMENT; 2) RACIAL DISCRIMINATION CAUSING CONSTRUCTIVE TERMINATION 3) RETALIATION FOR REPORTING RACIAL DISCRIMINATION CAUSING CONSTRUCTIVE TERMINATION; 4) DISABILITY DISCRIMINATION CAUSING CONSTRUCTIVE TERMINATION, AND 5) RETALIATION FOR REPORTING DISABILITY DISCRIMINATION CAUSING CONSTRUCTIVE TERMINATION**

As a first, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 21, and each of them, and for a cause of action alleges:

22. Plaintiff hereby incorporates by reference the factual allegations contained in Paragraphs 4 through 21 of this pleading.

23. Plaintiff was employed by Defendant.

24. Plaintiff was subjected to working conditions that violated public policy, specifically of the California Fair Employment and Housing Act, Government Code Section 12940(h). Which provides, among other things, that it shall be unlawful to harass against an employee in the terms and conditions of his employment on account of sex/gender and disability.

4

Complaint for Damages

25. Defendant failed in its obligation to provide reasonable accommodation for Plaintiff when Defendant failed to remedy the various harassing and harmful situations Plaintiff reported to Defendant. Plaintiff was subject to threatening actions; Defendant ignored the complaints at the first and still never solved the problem being presented by Plaintiff.

26. Defendant intentionally created or knowingly permitted these work conditions.

27. Plaintiff was constructively discharged from her position. These working conditions were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.

28. Plaintiff resigned because of hostile work environment.

29. Plaintiff was harmed.

30. Defendant's permissive hostile work environment were a substantial factor in causing Plaintiff's harm.

31. As a direct, proximate and legal result of Defendants' unlawful employment practices as alleged above, plaintiff has suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to their damage and detriment, in a sum according to proof at trial.

32. Plaintiff is entitled to any and all compensatory, emotional distress and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, prays for judgment against Defendant and each of them, as follows:

A. Plaintiff is entitled to Economic Damages including back pay and future loss of earnings.

B. Plaintiff is entitled to Damages for Emotional Distress for prior emotional distress and emotional distress "reasonably certain to result in the future".

C. Plaintiff is entitled to Punitive Damages to punish Defendant.

D. Plaintiff is entitled to costs to bring the action.

E. Plaintiff is entitled to attorney fees in bringing the action

F. Plaintiff asks the Court for any other relief which the Court deems proper.


Dated this August 23th, 2021.


**Fletcher Bernard Brown Esq.**
Attorney for Tyla Ray

6

Complaint for Damages

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| FLETCHER BROWN, ESQ (STATE BAR NO. 276390) ~~FLETCHER BROWN, ESQ (STATE BAR NO. 276390)~~ Document 1-2 Filed 01/20/22 Page 15 of 27 <br> FLETCHER B. BROWN LAW FIRM <br> 4400 Keller Ave. #381 Oakland, CA 94605 | | |

TELEPHONE NO.: 510-986-0441   FAX NO. *(Optional)*: 510-978-4717

ATTORNEY FOR *(Name)*: TYLA RAY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

STREET ADDRESS: 1130 O Street

MAILING ADDRESS:

CITY AND ZIP CODE: Fresno, 93724-0002

BRANCH NAME:

E-FILED
8/23/2021 10:31 AM
Superior Court of California
County of Fresno
By: J. Nelson, Deputy

CASE NAME:
TYLA RAY VS. CENTENE CORPORATION. and DOES 1-20, inclusive.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**   [ ] **Limited** <br> (Amount demanded exceeds $25,000)   (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 21CECG02472 <br> JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 08/23/2021

FLETCHER B. BROWN
_____
(TYPE OR PRINT NAME)         ►     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br>
Judicial Council of California <br>
CM-010 [Rev. July 1, 2007] <br>
**CIVIL CASE COVER SHEET** <br>
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br>
Cal. Standards of Judicial Administration, std. 3.10 <br>
www.courts.ca.gov

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice— Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ—Administrative Mandamus
Writ—Mandamus on Limited Court Case Matter
Writ—Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007] — **CIVIL CASE COVER SHEET** — Page 2 of 2

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ] [ Save this form ] [ Clear this form ]

| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**Civil Unlimited Department,** Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>**(559) 457-1900** | *FOR COURT USE ONLY*<br><br>8/23/2021<br><br>**Filed by Court** |
|---|---|
| TITLE OF CASE:<br><br>**Tyla Ray vs. Centene Corporation** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>**21CECG02472** |

**To All Parties and their Attorneys of Record:**  **Fletcher B. Brown**
**Fletcher B Brown Law Firm**
**2831 Telegraph Ave**
**Oakland CA 94609**

This case has been assigned to **Kimberly Gaab,** Judge for **all purposes**.
All future hearings will be scheduled before this assigned judge, in **Department 503**

You are required to appear at a Case Management Conference on **01/04/2022** at **3:30 PM** in **Department 402** of the Court located at 1130 "O" Street, **Fresno, California.**

You must comply with the requirements set forth in the Superior Court of Fresno County, Local Rules, Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the summons is served on you. Failure to file a response in a timely manner may result in adverse consequences, including a default judgment being entered against you. If you do not have an attorney and wish to retain one, there are attorney referral services, legal aid offices, and private practice attorneys in the Fresno area (most may be found on the internet or the local phone book).

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date: **8/23/2021**                      Clerk, by  **Jamie Nelson**                      , Deputy

---

NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE
FOR ALL PURPOSES

# EXHIBIT C

1   Barbara A. Blackburn, Bar No. 253731
    bblackburn@littler.com
2   Victoria Kovanis, Bar No. 289274
    vkovanis@littler.com
3   LITTLER MENDELSON, P.C.
    500 Capitol Mall
4   Suite 2000
    Sacramento, California  95814
5   Telephone:     916.830.7200
    Fax No.:        916.561.0828
6
    Attorneys for Defendant
7   CENTENE MANAGEMENT COMPANY, LLC

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF FRESNO

10

11  TYLA RAY,                                Case No.  21CECG02472

12                  Plaintiff,               ANSWER TO COMPLAINT

13          v.                               Complaint Filed: August 23, 2021

14  CENTENE CORPORATION, and DOES 1-20,
    inclusive,
15

16                  Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
    500 Capitol Mall
        Suite 2000
  Sacramento, CA  95814
      916.830.7200

                              ANSWER TO COMPLAINT

1    Answering Plaintiff TYLA RAY's ("Plaintiff") unverified Complaint for Damages

2  ("Complaint"), Defendant CENTENE MANAGEMENT COMPANY, LLC, improperly sued as

3  CENTENE CORPORATION, ("Defendant") [1] responds as follows:

4                              **GENERAL DENIAL**

5    Defendant denies each and every, all and singular, of the allegations contained in

6  Plaintiff's Complaint, conjunctively and disjunctively, and further denies that Plaintiff has sustained

7  any damages at all, and further generally and specifically denies that Plaintiff is entitled to any relief

8  whatsoever.

9                            **AFFIRMATIVE DEFENSES**

10    1.    FOR AND AS A FIRST SEPARATE DEFENSE, Defendant alleges that

11  Plaintiff's Complaint, and each cause of action set forth therein, is barred to the extent it fails to state

12  facts sufficient to constitute a cause of action or to set forth a claim upon which relief can be granted.

13    2.    FOR AND AS A SECOND SEPARATE DEFENSE, Defendant alleges that

14  Plaintiff's claims are barred, in whole or in part, to the extent that the applicable statute of limitations

15  has expired, including but not limited to California Government Code sections 12960 and 12965

16  subdivision (b), and California Code of Civil Procedure sections 335.1, 338, and 340(a).

17    3.    FOR AND AS A THIRD SEPARATE DEFENSE, to the extent Plaintiff seeks

18  to recover for alleged violations of the California Fair Employment and Housing Act ("FEHA"),

19  California Government Code sections 12940 *et seq*., based on alleged incidents occurring prior to one

20  year before the filing of her administrative charges, Defendant alleges that Plaintiff is not entitled to

21  any relief for any such incidents.

22    4.    FOR AND AS A FOURTH SEPARATE DEFENSE, Defendant alleges that

23  Plaintiff's claims under the FEHA are barred to the extent she failed to exhaust her administrative

24  remedies.

25    5.    FOR AND AS A FIFTH SEPARATE DEFENSE, Defendant alleges that

26  Plaintiff's claims are barred to the extent they are subject to the equitable doctrines of estoppel, waiver,

27

28

[1] Plaintiff was never employed by Centene Corporation. Instead, Plaintiff was employed by Centene Management Company, LLC.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

2

ANSWER TO COMPLAINT

1  laches, and/or unclean hands.

2  6.  FOR AND AS A SIXTH SEPARATE DEFENSE, Defendant alleges that

3  Plaintiff's claims are barred to the extent that, even if any decision concerning Plaintiff was based in

4  part on discriminatory grounds (which Defendant denies), Defendant would have reached the same

5  decision absent any alleged discrimination or retaliation.

6  7.  FOR AND AS A SEVENTH SEPARATE DEFENSE, Defendant alleges that,

7  to the extent Plaintiff seeks recovery for her alleged emotional and/or physical damages, such claims

8  and damages are preempted by her exclusive remedy pursuant to the California Workers'

9  Compensation Act, California Labor Code section 3600 *et seq*.

10  8.  FOR AND AS AN EIGHTH SEPARATE DEFENSE, Defendant alleges that

11  Plaintiff is barred from recovery, in whole or in part, to the extent she has failed to mitigate her alleged

12  damages.

13  9.  FOR AND AS A NINTH SEPARATE DEFENSE, Defendant alleges that

14  Plaintiff's claims are barred to the extent that her damages were caused by her own intentional and/or

15  negligent acts and/or omissions.

16  10.  FOR AND AS A TENTH SEPARATE DEFENSE, Defendant alleges that if

17  Plaintiff has suffered any emotional distress (which Defendant denies), Plaintiff's recovery is barred

18  to the extent that her emotional distress was proximately caused by factors other than her employment

19  and/or the actions of Defendant or anyone acting on its behalf.

20  11.  FOR AND AS AN ELEVENTH SEPARATE DEFENSE, Defendant alleges

21  that, to the extent Plaintiff suffered any emotional distress as a result of any conduct undertaken by

22  Defendant, or anyone acting on Defendant's behalf (which Defendant denies), such conduct was

23  beyond the course and scope of said agent's employment, and specifically contrary to and in disregard

24  of Defendant's interest.

25  12.  FOR AND AS A TWELFTH SEPARATE DEFENSE, Defendant alleges that

26  it had suitable anti-discrimination policies in effect at all times material to the allegations in Plaintiff's

27  Complaint, and that Plaintiff's claims are barred to the extent she unreasonably failed to take advantage

28  of such policies and to otherwise avoid her alleged harm.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

3
ANSWER TO COMPLAINT

13.     FOR AND AS A THIRTEENTH SEPARATE DEFENSE, Defendant alleges that even if alleged discriminatory conduct occurred (which Defendant denies), Defendant took immediate and appropriate corrective action to stop the alleged conduct from continuing.

14.     FOR AND AS A FOURTEENTH SEPARATE DEFENSE, Defendant alleges that it is not vicariously liable for any act or omission of any person, by way of respondeat superior, agency, or otherwise.

15.     FOR AND AS A FIFTEENTH SEPARATE DEFENSE, Defendant alleges that, assuming any employee of Defendant engaged in any unlawful conduct toward Plaintiff (which Defendant denies), Defendant neither knew nor reasonably should have known of said unlawful conduct.

16.     FOR AND AS A SIXTEENTH SEPARATE DEFENSE, Defendant alleges that the Complaint is barred or damages should be reduced to the extent all actions taken against Plaintiff would or could have been taken in any event based upon after-acquired evidence of misconduct.

17.     FOR AND AS A SEVENTEENTH SEPARATE DEFENSE, Plaintiff's claims are barred in whole or in part because Plaintiff was an at-will employee pursuant to California Labor Code section 2922.

18.     FOR AND AS AN EIGHTEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's recovery, if any, should be reduced to the extent that Plaintiff has obtained income from other employment, workers' compensation, and/or other sources and that such monies must be set off against any potential damages.

19.     FOR AND AS A NINETEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent that she is not a qualified person with a disability as defined by relevant state law, nor was she  regarded as a qualified person with a disability.

20.     FOR AND AS A TWENTIETH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent she was unable to perform the essential duties of her position and/or perform those duties in a manner that would not endanger her health or safety or the health or safety of others, with or without reasonable accommodation.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

4

ANSWER TO COMPLAINT

21.    FOR AND AS A TWENTY-FIRST SEPARATE DEFENSE, assuming, *arguendo*, that Plaintiff was a qualified individual with a disability, Plaintiff's claims are barred to the extent any accommodation sought by Plaintiff would impose an undue hardship on Defendant.

22.    FOR AND AS A TWENTY-SECOND SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent she failed to properly and in good faith engage in the interactive process with Defendant regarding any requested accommodation.

23.    FOR AND AS A TWENTY-THIRD SEPARATE DEFENSE, Defendant alleges that Plaintiff is precluded from recovering punitive damages from Defendant, either in whole or in part, under the applicable provisions of California Civil Code section 3294, or such other statutes of similar effect that may be applicable.

24.    FOR AND AS A TWENTY-FOURTH SEPARATE DEFENSE, Defendant alleges that any imposition of punitive damages violates Defendant's Constitutional rights and any actions it conducted, or any actions taken on its behalf, were not done with malice, oppression, or fraud.

25.    FOR AND AS A TWENTY-FIFTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claim for punitive and/or exemplary damages is barred to the extent she has failed to state her claim with the requisite specificity.

26.    FOR AND AS A TWENTY-SIXTH SEPARATE DEFENSE, Defendant alleges that any claims for penalties under the California Labor Code, including Labor Code section 226 are barred, in whole or in part, because any failure to provide Plaintiff with wage statements in conformity with Labor Code section 226(a), or any failure to pay Plaintiff wages, was not knowing, intentional or willful and was not brought to the attention of management, if any.

27.    FOR AND AS A TWENTY-SEVENTH SEPARATE DEFENSE, Defendant alleges that that Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

28.    FOR AND AS A TWENTY-EIGHTH SEPARATE AND DISTINCT DEFENSE, Defendant alleges that a reasonable opportunity for investigation and discovery will reveal and, on that basis, allege that Plaintiff's Complaint, and/or some of the causes of action contained

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

5

ANSWER TO COMPLAINT

therein, are barred because Defendant's acts or omissions did not interfere with Plaintiff's exercise of her right to use protected leave under the California Family Rights Act ("CFRA"), the Family Medical Leave Act ("FMLA"), the Fair Employment and Housing Act ("FEHA") or any other law, whether statutory or otherwise nor did Defendant retaliate against Plaintiff for exercising any right to use such leave.

29.    FOR AND AS A TWENTY-NINTH SEPARATE AND DISTINCT DEFENSE, Defendant alleges that Plaintiff's alleged damages were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendant.

30.    FOR AND AS A THIRTIETH SEPARATE AND DISTINCT DEFENSE, Defendant alleges Plaintiff's claims for damages are precluded to the extent that such damages are speculative.

31.    FOR AND AS A THIRTY-FIRST SEPARATE AND DISTINCT DEFENSE, Defendant alleges without admitting that if it engaged in any of the acts or omissions alleged in Plaintiff's Complaint, then any such acts or omissions were undertaken for business necessity and/or for lawful business reasons.

32.    FOR AND AS A THIRTY-SECOND SEPARATE AND DISTINCT DEFENSE, Defendant alleges without admitting that if it engaged in any of the acts or omissions alleged in Plaintiff's Complaint, then its conduct towards Plaintiff is fully justified based upon its judgment of differences in individual performance, qualifications, skill, effort, responsibility, merit, or other bona fide occupational qualifications.

33.    FOR AND AS A THIRTY-THIRD SEPARATE AND DISTINCT DEFENSE, Defendant alleges that any recovery on Plaintiff's Complaint, and each and every purported claim alleged therein, is barred because Defendant's conduct was based on legitimate, non-discriminatory, non-harassing, and non-retaliatory business reasons.

34.    FOR AND AS A THIRTY-FOURTH SEPARATE AND DISTINCT DEFENSE, Defendant alleges that at all relevant times, it had a good faith reason, based on reasonable grounds, for believing its actions did not violate or interfere with Plaintiff's rights under the CFRA, FMLA or FEHA.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

6

ANSWER TO COMPLAINT

35.     FOR AND AS A THIRTY-FIFTH SEPARATE AND DISTINCT DEFENSE, Defendant alleges that any recovery on Plaintiff's Complaint, or any purported claim alleged therein, is barred because Plaintiff was not discriminated or retaliated against and/or subjected to an adverse employment action because of her alleged exercise of her rights under the CFRA, FMLA or FEHA.

36.     FOR AND AS A THIRTY-SIXTH SEPARATE AND DISTINCT DEFENSE, Defendant alleges that Plaintiff's disability claims are barred on the grounds and to the extent that Plaintiff could not perform the essential functions of the job with or without accommodation.

37.     FOR AND AS A THIRTY-SEVENTH SEPARATE AND DISTINCT DEFENSE, Defendant alleges that Plaintiff failed to request an accommodation, and/or Defendant was unaware that an accommodation was needed.

38.     FOR AND AS A THIRTY-EIGHTH SEPARATE AND DISTINCT DEFENSE, Defendant alleges that Plaintiff's claims are barred because Defendant Centene Corporation was not Plaintiff's employer, nor did Defendant Centene Corporation have a joint employment relationship with Plaintiff's employer.

39.     FOR AND AS A THIRTY-NINTH SEPARATE AND DISTINCT DEFENSE, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred because good cause existed for each and every action taken by Defendant with respect to Plaintiff's employment and Defendant acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant at the time.

40.     FOR AND AS A FORTIETH SEPARATE AND DISTINCT DEFENSE, Defendant alleges that Plaintiff's claims are barred in whole or in part to the extent the alleged damages were caused by her own failure to perform her job duties consistent with Defendant's reasonable expectations, directives, policies, and/or procedures.

## **RESERVATION OF ADDITIONAL DEFENSES**

Defendant alleges that the Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist.  Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to amend this Answer for purposes of asserting such additional

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

7

ANSWER TO COMPLAINT

1  defenses.

2                                      **<u>PRAYER</u>**

3            WHEREFORE, Defendant prays that:

4            1.      The Complaint be dismissed in its entirety with prejudice;

5            2.      Plaintiff takes nothing by way of her Complaint;

6            3.      Defendant be awarded judgment in its favor and against Plaintiff;

7            4.      Defendant be awarded its attorneys' and expert fees and costs of suit herein (to

8    the extent permitted by applicable law including but not limited to California Government Code

9    § 12965(b)); and

10           5.      The Court grant Defendant such other and further relief as it deems just and

11   proper.

12   Dated: January 20, 2022

13                                              LITTLER MENDELSON, P.C.

14

15                                              _____
                                                Barbara A. Blackburn
16                                              Victoria Kovanis
                                                Attorneys for Defendant
17                                              CENTENE CORPORATION

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

8

ANSWER TO COMPLAINT

## **PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On January 20, 2022, I served the within document(s):

ANSWER TO COMPLAINT

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Sacramento, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒    Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is mney@littler.com.

Fletcher B. Brown, Esq.            Attorney for Plaintiff
FLETCHER B. BROWN LAW FIRM    TYLA RAY
2831 Telegraph Ave.
Oakland, CA  94609
Telephone: 510.986.0441
Facsimile: 510.978.4717
fletcher@FletcherBrown.law

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on January 20, 2022, at Sacramento, California.

*Laura Kahl*
_____
Laura Kahl

4886-5238-7336.1 / 108840-1058

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

9

ANSWER TO COMPLAINT